Opinion of the Court by
Judge Mills.
[Absent Chief Justice Bibb.]
Cates, the appellant, filed his bill in chancery, alleging that he had the superior equity—the eldest legal title, and the possession, of a, tract of four, hundred acres of land, by virtue of a county court certificate, in the name of James Larue, patented in the name of John Adams, and conveyed, to himself; but that George Loftus set up claim to part of the land, by virtue of a void certificate and junior grant.
Loftus answered, contesting the title of Cates, and asserting the validity of his own.
By an amended answer; he charges that Thomas Raleigh had impleaded said Cates and others by bill in equity; that Cates, finding it necessary to his defence against Raleigh, had, by his answer to that spit, making Loftus a defendant, impleaded him on the. merits of his present, claim for the same land. *444 bow in contests and that Loftus had answered those charges, asserting his claim for the same land, in the Christian circuit courts and that, on the trial of that cause, he had on the merits of his claim, recovered a decree for every foot of the same land now in contest. Be makes the record of that suit a part of his answer, and relies on it as a bar.
Decree of the circuit court for the defendant.
What constistitutes res judicala—It is conclusive in all subsequent controversies between the parties.
This court cannot notice their own former decision reversing the decree, relied on as a bar in the circuit court, since it was there pleaded, but must decide on the appeal as the case appeared to the circuit court.
Crittenden for appellant; Mayes and Triplett for appellees.
The court decided that the bar was valid, and dismissed the bill of Cates, from which decree he has appealed.
On examining the record in this case, and also in that relied on as a bar, and ascertaining what was really in issue in both, we are constrained to agree with the court below, that the same matter was in issue in both. When the same parties have litigated the same matter-taken issue on the same points, and in pleading, asking the same relief before a court of competent jurisdiction, the decision thereon, until reversed or avoided legally, must always be held res judicata, and is conclusive of the same controversy. All these things concur in this case, and we conclude that Cates in this suit is bared.
It is true, we know as a precedent, out of this record, that this court has, since this decree was rendered, reversed the decree of Loftus against Cates, in the suit of Cates vs Raleigh and Loftus, 1 Mon. 164, and has decided that Loftus had no equity; but still we have no right, in revising this decision, to call in that reversal in aid of Cates, and thus relieve him from the effects of this decree. We admit, in this court, of no new evidence, but must revise tbs decision of the court below, on the same evidence heard in that court, and no more. Before that court, the decree of another court of co-ordinate powers, to whose jurisdiction the parties had submitted, settling the same matter, was produced, which that court was bound to respect as valid, and the same weight must be given to it here, whatever may be its effects on the rights of the parties to this decree.
The decree is, therefore, affirmed with costs.